**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MONICA MADDEN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-14-395 |
| **EDWARD S. COHN, LLC,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Monica Madden, *pro se*, filed suit in this Court against Stephen N. Goldberg, Richard E. Solomon, Richard J. Rogers, Randall J. Rolls, and Mary Zinsner (the "Individual Defendants"), as well as "Edward S. Cohn, LLC, et al." ("ESC"); "Cohn, Goldberg & Deutsch, LLC et al." ("CGD"); "Trustees, Substitute Trustees, Its Agents & Assigns"; and "Troutman Sanders et al.," alleging that they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq.* ("MCDCA"), in conjunction with foreclosure proceedings concerning her real property. Compl. 1 & 3, ECF No. 1. Cohn, Goldberg, Solomon, Rogers, Rolls, and CGD moved to dismiss the Complaint for failure to state a claim ("Cohn Mot."), ECF No. 4, as did Zinsner and Troutman Sanders ("Zinsner Mot." & "Zinsner Mem."), ECF Nos. 5 & 5-1. Rather than opposing the Motions to Dismiss, *see* ECF No. 6; Loc. R. 105.2(a), Plaintiff filed a Notice of Voluntary Dismissal ("Notice") one month later, ECF No. 7. I must determine whether to dismiss the claims as to some or all Defendants, and whether such dismissal should be with or without prejudice. Because Plaintiff appears to seek dismissal of the entire action, and

the Motions to Dismiss appear meritorious, I will dismiss this case in its entirety, with prejudice, unless Plaintiff files, not later than December 30, 2014, an amended complaint demonstrating that she has stated a plausible claim as to some or all Defendants.[1]

Plaintiff's Notice stated, in its entirety: "Please Record My Request To Dismiss Case Number PWG-14-395 Affidavit Complaint Madden VS Stephen N Goldberg, Richard E Solomon, Richard J Rogers, Randall J Rolls, Edward S Cohn & Mary Zinsner."  As Zinsner and Troutman Sanders perceive it, Plaintiff's Notice does not refer to the corporate defendants. Zinsner Supp., ECF No. 8.  They request that, instead of granting Plaintiff's request, the Court grant their Motion to Dismiss and dismiss the case in its entirety, with prejudice.  *Id.*

It is unclear from Plaintiff's Notice whether she seeks dismissal of her entire action. Indeed, it is unclear which individuals and corporations Plaintiff intended to name as defendants when she filed suit:  Plaintiff requested summonses for Goldberg, Solomon, Rogers, Rolls and Zinsner, as well as Edward S. Cohn, but she did not request summonses for ESC, CGD, "Trustees, Substitute Trustees, Its Agents & Assigns," and Troutman Sanders.  ECF Nos. 1-6 – 1-11; *see* Docket.  Yet, a plaintiff's request for dismissal necessarily pertains to the entire action. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n *action* may be dismissed at the plaintiff's request . . . .") (emphasis added); *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *7 (D. Md. Feb. 14, 2011) (stating that when a plaintiff wants to dismiss less than an entire action, Rule 15 is the proper vehicle).

Moreover, the Motions to Dismiss are meritorious.  Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief

---

[1] A hearing is not necessary.  *See* Loc. R. 105.6.

can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).

Plaintiff is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted). Additionally, "'[t]he determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'" *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Significantly, "dismissal with prejudice is

proper if there is no set of facts the plaintiff could present to support his claim." *Id.* But, otherwise, the plaintiff should be afforded the opportunity to amend. *See id.*

The crux of Plaintiff's claims is that Defendants communicated with her directly instead of through her attorney, despite knowing that she allegedly had representation. Compl. ¶¶ 17 & 27. She alleges that, in this manner, they violated the FDCPA, which provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2). She also claims that Defendants' communications with her, "knowing that [she] has power of attorney," were "abusive and harassing," in violation of the MCDCA. Compl. ¶ 33. Maryland's Commercial Law Article provides that a debt collector may not "[c]ommunicate with the debtor . . . with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." Com. Law § 14-202(6).

Plaintiff attached a document to show that "Li-Nii-Azrug-Maghnatik :Men" had power of attorney over Plaintiff's "Commercial Activity." Compl. Ex. A, ECF No. 1-1. Not only does it not appear to be a valid power of attorney, in that it only has one witness's signature, *see* Md. Code Ann., Est. & Trusts § 17-110(a)(4) (requiring that power of attorney have signatures of two or more witnesses), but also Plaintiff appears to conflate "power of attorney"[2] with representation by an attorney licensed to practice in Maryland. Plaintiff certainly has not alleged that Li-Nii-Azrug-Maghnatik :Men was authorized to practice law in Maryland or that she had other legal representation. Moreover, Plaintiff was self-represented throughout the state court

---

[2] "Power of attorney" is "[a]n instrument granting someone authority to act as agent or attorney-in-fact for the grantor." *Black's Law Dictionary* 954 (Bryan A. Garner ed., abridged 7th ed., West 2000).

foreclosure proceedings giving rise to this lawsuit. *See* State Ct. Docket, Cohn Ex. 1, ECF No. 4-1; Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5) (this Court can take judicial notice of state court docket). Further, the MCDCA does not prohibit debt collectors from communicating with a represented party. *See generally* Com. Law § 14-202. Thus, even if all Defendants are debt collectors under the FDCPA and the MCDCA, *see* Compl. ¶¶ 24–26, 30–32, which Zinsner and Troutman Sanders strongly dispute, *see* Zinsner Mem. 6–7, "there is no set of facts the plaintiff could present to support [her] claim[s]" for violations of 15 U.S.C. § 1692c and Com. Law § 14-202(6). *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678–79; *Velencia*, 2012 WL 6562764, at *4. Therefore, they should be dismissed with prejudice. *See Weigel*, 950 F. Supp. 2d at 825–26.

Plaintiff also alleges that Defendants "sent a facsimile containing personal documentation regarding the Plaintiff to a third-party office," in which Defendants "stated the consumer owes a debt," in violation of the FDCPA, Compl. ¶ 20, and that Defendants violated the MCDCA "by [d]isclosing information which affects the debtor[']s (Plaintiff[']s) reputation . . . with knowledge that the other person does not have a legitimate business need for the information," *id.* ¶ 33. The FDCPA provides that "[a]ny debt collector communicating with any person other than the consumer for the purposes of acquiring location information about the consumer shall . . . not state that such consumer owes any debt." 15 U.S.C. § 1692b(2). Similarly, the MCDCA provides that a debt collector may not "disclose . . . to a person other than the debtor . . . information which affects the debtor's reputation . . . with knowledge that the other person does not have a legitimate business need for the information." Com. Law § 14-202(5).

In support of these conclusory allegations, Plaintiff attaches a facsimile transmission to an unidentified party that refers to Plaintiff as "debtor." Compl. Ex. B, ECF No. 1-2. This threadbare allegation is insufficient to state a claim, *see* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S.

at 678–79; *Velencia*, 2012 WL 6562764, at *4.  Yet, given that Plaintiff is proceeding *pro se*, she should have the opportunity to amend before her FDCPA and MCDCA claims based on third-party communications are dismissed with prejudice.  *See Weigel v. Maryland*, 950 F. Supp. 2d at 825–26.

Accordingly, it is this 16th day of December, 2014, hereby ORDERED that, unless Plaintiff files, not later than December 30, 2014, an amended complaint setting forth a plausible claim as to some or all Defendants with regard to their third-party communications:

1. Plaintiff's "Request To Dismiss Case Number PWG-14-395 Affidavit Complaint," ECF No. 7, construed as a request to dismiss the entire action, will be granted;

2. Plaintiff's Complaint will be dismissed with prejudice without further notice; and

3. Defendants' Motions to Dismiss, ECF Nos. 4 & 5, will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiff.

_____/S/_____
Paul W. Grimm
United States District Judge

lyb